IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| BAC LOCAL UNION 15 PENSION FUND, et al., ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 4:11-CV-01183-BCW |
| LOUIS HASKELL BRITTON, JR., et al., ) ) ) | |
| Defendants. ) | |

## JUDGMENT

Before the Court is Plaintiffs' Motion for Judgment By Default on Loyd Britton d/b/a Midland Masonry Contractors, Inc. By the Court (Doc. #12). Plaintiffs seek a default judgment pursuant to Fed. R. Civ. P. 55. On July 25, 2012, an Entry of Default was made with respect to Defendant Loyd Britton d/b/a Midland Masonry Contractors, Inc. due to Defendant's failure to appear or defend in this action (Doc. # 22). The Court therefore finds that entry of default judgment is proper. The Court being duly advised of the premises, and for good cause shown, grants said Motion. Accordingly, it is hereby

ORDERED that Plaintiffs' Motion for Judgment By Default on Loyd Britton d/b/a Midland Masonry Contractors, Inc. By the Court (Doc. #12) is GRANTED. It is further

ORDERED that judgment by default is entered against Defendant Loyd Britton d/b/a Midland Masonry Contractors, Inc., pursuant to Fed. R. Civ. P. 55, as follows:

### COUNT I

1.  That the plaintiff, BAC Local Union 15 Pension Fund, have and recover of and from the Defendant, for the period **January 1, 2009 through December 31, 2010,** the amount of **NINETEEN THOUSAND, TWO HUNDRED NINETY-NINE AND 39/100 ($19,299.39) DOLLARS** in unpaid Pension Fund contributions, **THREE THOUSAND EIGHT HUNDRED FIFTY-NINE AND 87/100 ($3,859.87) DOLLARS** as and for liquidated damages and **ONE THOUSAND TWO HUNDRED TWO AND 71/100 ($1,202.71) DOLLARS** representing interest on the unpaid contributions; **ONE THOUSAND, EIGHT HUNDRED SEVENTY-SEVEN AND 52/100 ($1,877.52) DOLLARS** representing reasonable attorneys' fees; **FIVE THOUSAND, FOUR HUNDRED SEVENTY-TWO AND 00/100 ($5,472.00) DOLLARS** representing audit costs, for a total of **THIRTY-ONE THOUSAND, SEVEN HUNDRED ELEVEN AND 49/100 ($31,711.49) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.  That the plaintiff have and recover of and from the Defendant for the period **January 1, 2009 through December 31, 2010**; the sum of **FOUR THOUSAND ONE HUNDRED NINETY-FOUR AND 38/100 ($4,194.38) DOLLARS** in unpaid Supplemental Plan contributions due and owing to the Pension Fund, **EIGHT HUNDRED THIRTY-EIGHT AND 90/100 ($838.90) DOLLARS** as and for liquidated damages and **TWO HUNDRED FORTY AND 75/100 ($240.75) DOLLARS** representing interest on the unpaid contributions; **SIX HUNDRED NINETY-ONE AND 72/100 ($691.72) DOLLARS** representing reasonable attorneys' fees; **TWO THOUSAND, SIXTEEN AND 00/100 ($2,016.00) DOLLARS** representing audit costs, for a total of **SEVEN THOUSAND, NINE HUNDRED EIGHTY-ONE AND 75/100 ($7,981.75) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

3.      Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2011,** to date.

4.      That the plaintiff, BAC Local Union 15 Pension Fund, have and recover of and from the Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2011,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to plaintiff for said period can be ascertained.

5.      That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the BAC Local Union 15 Pension Fund on behalf of employees working under the collective bargaining agreements.

6.      That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

7. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

**COUNT II**

1. That the plaintiff, BAC Local Union 15 Welfare Fund, have and recover of and from the Defendant for the period **January 1, 2009 through December 31, 2010**; the sum of **TWENTY-FOUR THOUSAND SIX HUNDRED EIGHTY-FIVE AND 90/100 ($24,685.90) DOLLARS** in unpaid fringe benefit contributions, **FOUR THOUSAND NINE HUNDRED THIRTY-SEVEN AND 18/100 ($4,937.18) DOLLARS** as and for liquidated damages and **ONE THOUSAND FOUR HUNDRED TWENTY-SEVEN AND 20/100 ($1,427.20) DOLLARS** representing interest on the unpaid contributions; **SIX HUNDRED NINETY-ONE AND 72/100 ($691.72) DOLLARS** representing reasonable attorneys' fees; **TWO THOUSAND, SIXTEEN AND 00/100 ($2,016.00) DOLLARS** representing audit costs, for a total of **THIRTY-THREE THOUSAND, SEVEN HUNDRED FIFTY-EIGHT AND 00/100 ($33,758.00) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked

- 4 -

Case 4:11-cv-01183-BCW   Document 23   Filed 07/25/12   Page 4 of 11

and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2011,** to date.

3. That the plaintiff, BAC Local Union 15 Welfare Fund, have and recover of and from the Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2011,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to plaintiff for said period can be ascertained.

4. That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the BAC Local Union 15 Welfare Fund on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That Defendant maintain records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT III

1.	That the plaintiff, BAC Local Union 15 Apprenticeship and Training Fund, have and recover of and from the Defendant for the period **January 1, 2009 through December 31, 2010**; the sum of **TWO THOUSAND ONE HUNDRED TWENTY-NINE AND 09/100 ($2,129.09) DOLLARS** in unpaid fringe benefit contributions, **FOUR HUNDRED TWENTY-FIVE AND 85/100 ($425.85) DOLLARS** as and for liquidated damages and **ONE HUNDRED TWENTY-THREE AND 26/100 ($123.26) DOLLARS** representing interest on the unpaid contributions; **THIRTY-TWO AND 93/100 ($32.93) DOLLARS** representing reasonable attorneys' fees; **NINETY-SIX AND 00/100 ($96.00) DOLLARS** representing audit costs, for a total of **TWO THOUSAND, EIGHT HUNDRED SEVEN AND 13/100 ($2,807.13) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2.	Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2011,** to date.

3.	That the plaintiff, BAC Local Union 15 Apprenticeship and Training Fund, have and recover of and from the Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2011,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages,

attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to plaintiff for said period can be ascertained.

4. That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the BAC Local Union 15 Apprenticeship and Training Fund on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That Defendant maintains records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT IV

1. That the plaintiff, Bricklayers and Trowel Trades International Pension Fund, have and recover of and from the Defendant for the period **January 1, 2009 through December 31, 2010**; the sum of **EIGHT THOUSAND ONE HUNDRED EIGHTY-EIGHT AND 73/100 ($8,188.73) DOLLARS** in unpaid fringe benefit contributions, **ONE THOUSAND, SIX HUNDRED THIRTY-SEVEN AND 80/100 ($1,637.80) DOLLARS** as and for liquidated

damages and **TWO THOUSAND, ONE HUNDRED FORTY-FIVE AND 91/100 ($2,145.91) DOLLARS** representing interest on the unpaid contributions; **FOUR HUNDRED SEVENTY-NINE AND 40/100 ($479.40) DOLLARS** representing reasonable attorneys' fees; **NINE HUNDRED SIXTY AND 00/100 ($960.00) DOLLARS** representing audit costs, for a total of **THIRTEEN THOUSAND, FOUR HUNDRED ELEVEN AND 84/100 ($13,411.84) DOLLARS**; and their costs herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2011,** to date.

3. That the plaintiff, Bricklayers and Trowel Trades International Pension Fund, have and recover of and from the Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2011,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to plaintiff for said period can be ascertained.

4. That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the Bricklayers and Trowel Trades International Pension Fund on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

6. That Defendant maintains records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

## COUNT V

1. That the plaintiff, International Masonry Institute, have and recover of and from the Defendant for the period **January 1, 2009 through December 31, 2010**; the sum of **TWO THOUSAND ONE HUNDRED SIXTY-TWO AND 40/100 ($2,162.40) DOLLARS** in unpaid fringe benefit contributions, **FOUR HUNDRED THIRTY-TWO AND 50/100 ($432.50) DOLLARS** as and for liquidated damages and **FIVE HUNDRED EIGHTY-THREE AND 23/100 ($583.23) DOLLARS** representing interest on the unpaid contributions; **FOUR HUNDRED SEVENTY-NINE AND 40/100 ($479.40) DOLLARS** representing reasonable attorneys' fees; **NINE HUNDRED SIXTY AND 00/100 ($960.00) DOLLARS** representing audit costs, for a total of **FOUR THOUSAND, SIX HUNDRED SEVENTEEN AND 53/100 ($4,617.53) DOLLARS**; and their costs

herein incurred and expended and that execution issue therefore.

2. Defendant is hereby ordered to permit an accounting of Defendant's business books, records, ledgers and other papers and documents pertaining to the compensation paid to employees, hours worked by employees, monies withheld from employees for taxes paid on account of employees and any additional records or documents relevant to and of assistance in determining the total number of hours worked and/or paid to employees within the jurisdiction of the collective bargaining agreements and Trust Agreement for the period **January 1, 2011,** to date.

3. That the plaintiff, International Masonry Institute, have and recover of and from the Defendant a sum of money as unpaid fringe benefit contributions equal to the number of hours found by said accounting to have been paid to employees covered by said agreements from **January 1, 2011,** to date times the hourly amounts due under said agreements and that the assessment of liquidated damages, attorneys' fees, audit costs, interest, court costs and judgment for same be reserved until a full and complete accounting of Defendant's books and records has been completed and the specific total amounts due and owing by Defendant to plaintiff for said period can be ascertained.

4. That the Defendant specifically perform the provisions of the collective bargaining agreements and Trust Agreements, present and future, relating to the reporting and payment of fringe benefits contributions to the International Masonry Institute on behalf of employees working under the collective bargaining agreements.

5. That Defendant put up cash deposits in advance of work and/or enter into an escrow arrangement with plaintiff or post a corporate bond guaranteeing performance under the collective bargaining agreement and Trust Agreement.

- 10 -

Case 4:11-cv-01183-BCW   Document 23   Filed 07/25/12   Page 10 of 11

6. That Defendant maintains records with respect to each employee sufficient to determine the fringe benefits due or which may become due to such employees as required by Section 209 of Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1059.

IT IS SO ORDERED.


DATED: <u>July 25, 2012</u>

<u>/s/ Brian C. Wimes</u>
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT